### ALBERT MURPHY *v.* THE STATE.

MALICIOUS MISCHIEF. *Prosecution under ¿ 2917, Code 1880. Award of compensation. Instruction.*

M. wounded S.'s ox for getting in C.'s field. C. and S. submitted the matter to arbitrators, who fixed the amount due the former for the damage to his ox. C. promised to pay the sum awarded, but did not pay it, and M. was indicted under ¿ 2917 of the Code of 1880. The evidence tended to show that S. had accepted C.'s assumpsit in satisfaction of the award. *Held,* that it was proper under the statute referred to, which allows the *tort feasor* to avoid the penalty therein provided by proof of having "paid or tendered to the owner of the animal full compensation for the injury inflicted," for the court to instruct the jury that the defendant, in order to get the benefit of this provision, must show payment or tender of the amount awarded, or that S. accepted the assumpsit of C. as satisfaction.

APPEAL from the Circuit Court of Attala County.

HON. C. H. CAMPBELL, Judge.

Albert Murphy was indicted under § 2917 of the Code of 1880 for cutting and wounding two oxen belonging to John Stephens. The evidence at the trial tended to show these facts : Murphy, who was in the employ of a man named Carlisle, was sent by the latter to drive cattle out of the latter's cornfield, and while driving out the cattle he cut and wounded Stephens' oxen. Carlisle offered to pay for the damage done the oxen, but he and Stephens could not agree as to the amount of compensation, and they agreed to leave it to arbitrators to fix the amount to be paid by Carlisle. They selected arbitrators, who made an award requiring Carlisle to

pay Stephens seventeen dollars and fifty cents. In fixing that amount the arbitrators deducted the damage to Carlisle in the destruction of corn by the oxen from that inflicted upon Stephens by the wounding of his oxen. In reference to the award Stephens says: "I said that was not damages enough. I thought they allowed Carlisle damages for his corn out of that. Carlisle said to me, 'I have not got the money now, but will pay you in a few days.' I said that was all right. Some time afterward I sent after the money, but did not get it. Carlisle has never paid or tendered me the money. I spoke of entering suit against him. He is a solvent man, and money can be made of him by an execution." Carlisle says, referring to the award: "I told Stephens that I did not have the money then, but would pay him as soon as I sold cotton that fall. He said that was all right. Before I got the money Albert Murphy was indicted. I met Stephens, and told him I thought that matter was settled by arbitration, and as he had had Albert indicted I would not pay him the damages assessed for cutting the oxen."

The substance of the instructions is stated in the opinion of the court.

The defendant was convicted and fined twenty-five dollars, and thereupon appealed to this court.

The statute upon which the indictment was based is as follows:

"Section 2917. Any person who shall maliciously, either out of a spirit of revenge or wanton cruelty, or who shall mischievously, kill, maim or wound, or injure, any cattle * * * shall be fined not more than three hundred dollars, * * * but the penalty in this section mentioned shall not apply to any person who may injure animals found in the act of trespassing within his inclosure, and who has paid or tendered to the owner of the animal full compensation for the injury inflicted."

*W. M. Smith*, for the appellant.

The court erred by instructing the jury that to satisfy the statute, the damages assessed by the referees must be full compensation for the damages done the oxen.

The Revised Code of 1880 permits any one to pay the damages

in such a case and avoid the penalty therein.   There is no better
mode of reaching the true amount of damages than to leave it to
referees, who may have personal observation of the damages done.
When that is done, the spirit of the law is satisfied and a jury
cannot be told that if they can believe the damages to be more than
was assessed by the referees they can convict.   See *Duncan* v.
*State,* 49 Miss. 331.

*J. L. Harris,* for the State.

The object of § 2917 of the Revised Code is twofold, to secure·
reparation to the party injured and to punish the *tort feasor.*   It
is clear that no agreement between the parties for the payment of a·
less sum than "full compensation " for the injury done would pro-
tect the defendant from prosecution and punishment.   The owner
of cattle cannot consent to have them maimed and otherwise in-
jured in any case, and such consent, whether prior or subsequent
to the injury done, cannot protect the *tort feasor* from criminal
prosecution.   The statute was not enacted for the protection of·
the owner alone, and the object is not alone to coerce payment of
damages inflicted.   It therefore follows that the arbitrators could
not be authorized to assess less than " full compensation," or to·
deduct the value of the corn consumed by the cattle.

CAMPBELL, C. J., delivered the opinion of the court.

The court instructed the jury with substantial accuracy that, if
the defendant were otherwise guilty under § 2917 of the Code, and·
would shield himself from its penalty on the ground of full com-
pensation to the owner of the oxen, he must show payment or
tender of the sum awarded as compensation, unless the jury be-
lieved that the owner had accepted the assumpsit of Mr. Carlisle
of the amount as satisfaction.

The question was fairly submitted to the jury, and while there is
some ground for surprise that the verdict was not for the defendant,
we are unwilling to disturb it.

*Judgment affirmed.*